MELISA RENEE ALLEN,

        Plaintiff,

  v.

                                              Case No. 25-cv-1663-pp

FRANK J. BISIGNANO,

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective the December 1, 2023, #14). To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's request indicates

that she is employed, she is not married and she has no dependents she is responsible for supporting. Dkt. No. 2 at 1. The plaintiff states that her monthly income from wages or salary is $1,460. Id. at 2. The plaintiff lists monthly expenses totaling $1,725 ($300 rent, $400 car payment, $50 credit card payment, $700 other household expenses, $160 fuel for vehicle, $115 car insurance). Id. at 2-3. The plaintiff owns a 2018 Acura TLX worth approximately $8,168, she does not own her home or any other property of value, and she has $38 cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I cannot afford to pay this filing fee. I can barely afford to live. I share an apartment with 3 other people just to get by. I can only work part-time due to my disability." Id. at 4. The plaintiff has demonstrated that she cannot pay the $405 fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she was denied supplemental security income and disability insurance benefits due to lack of disability, that

the plaintiff is disabled and that the denial of her claim by the Commissioner is not supported by substantial evidence. Dkt. No. 1 at 2. The plaintiff alleges that the administrative law judge erred by finding a psychological consultive examination "generally persuasive," but failing to include the limitations assessed in the RFC or explain why the limitations were excluded. Id. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 29th day of October, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**